IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEROME L. GRIMES, § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:22-CV-1933-X (BH) |
| § | |
| SANTANDER CONSUMER USA, § | |
| § | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, *Plaintiff's Motion Request[s] for Service of Subpoenas on the Defendant by the U.S.Marshalls (F.R.C.P., Rules 17(b)*, filed September 26, 2023 (docs. 24, 25, 26, 27, 28, 29), are **DENIED.**

Citing "F.R.C.P., Rule 17(b)", the plaintiff seeks to have the United States Marshal serve approximately 70 subpoenas. Because Rule 17(b) of the Federal Rules of Civil Procedure concerns the capacity of a party to sue or be sued, he appears to rely on Rule 17(b) of the Federal Rules of Criminal Procedure. That rule provides for the issuance of subpoenas and payment of process costs and witness fees for indigent criminal defendants where necessary for an adequate defense. Fed. R. Crim. P. 17(b). The rule does not apply in civil cases such as this one, however. *See Walton v. Yates*, No. CIV.A.3:94-CV-2007-D, 1996 WL 734953, at *1 (N.D. Tex. Dec. 10, 1996); *see also Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (noting that there is no provision for the payment of witness fees on behalf of an indigent party in civil actions similar to Fed. R. Crim. P. 17(b)) (citing *Dortly v. Bailey*, 431 F. Supp. 247, 248 (M.D. Fla. 1977) (in turn citing *Estep v. United States*, 251 F.2d 579, 582 (5th Cir. 1958)); *Anderson v. Witherspoon*, No. 7:15CV00236, 2017 WL 1194739, at *2 (W.D. Va. Mar. 30, 2017), *aff'd*, 704 F. App'x 238 (4th Cir. 2017). The plaintiff is also required

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

by Fed. R. Civ. P. 45 to tender witness fees and mileage costs, which courts are not authorized to waive or pay on behalf of litigants proceeding *in forma pauperis*, even if the litigant could show that the Marshal was required to serve them.  *See id.* (citing *Hodge v. Prince*, 730 F. Supp. 747, 750-51 (N. D. Tex. 1990) and *Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995); *see also Badman*, 139 F.R.D. at 604; *Anderson*, 2017 WL 1194739, at *2; *Strahan v. Hussey*, No. CIV.A 08-11251-RGS, 2009 WL 1364758, at *1 (D. Mass. May 13, 2009) (collecting cases).  The plaintiff has neither shown that the Marshal should be ordered to serve his subpoenas, and he has failed to tender the witness fees and mileage costs for his 70 subpoenas.

    The plaintiff's motions are **DENIED**.

    **SO ORDERED** on this 27th day of September, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE